*E-Filed 9/30/11*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE GINOVENA LUNA, | No. C 10-5649 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 5) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within

one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition**

The following facts are undisputed. Petitioner was sentenced on June 25, 2007 in the Santa Clara Superior Court. Petitioner did not appeal his conviction. Therefore, his conviction became final on August 24, 2007, that is, 60 days after the imposition of sentence. *See* Cal. Rule of Court 8.308(a). Petitioner, then, had until August 25, 2008 to file a timely federal habeas petition. The instant petition was filed on December 13, 2010, well after the August 2008 deadline. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations. Petitioner has not filed an opposition to the motion to dismiss.

Petitioner is not entitled to statutory tolling because he did not pursue any state collateral relief. *See* 28 U.S.C. § 2244(d)(2). Nor is petitioner entitled to equitable tolling, as he has not even requested such tolling, the motion being unopposed. On this record, the petition is untimely and will be dismissed.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (Docket No. 5) is GRANTED. Accordingly, the petition is DISMISSED. Judgment will be entered in favor of respondent. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 5, and close the file.

**IT IS SO ORDERED**.

DATED: September 29, 2011

_____
RICHARD SEEBORG
United States District Judge